**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| DUOMING ZHONG,<br><br>   *Plaintiff*,<br><br> v.<br><br>NINGBO HAOYANG JIXIEGONGJU<br>YOUXIAN GONGSI,<br><br>   *Defendant*. | **CASE NO. 1:26-cv-7374**<br><br>**JURY DEMAND** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Duoming Zhong ("Plaintiff"), by and through undersigned counsel, alleges against Defendant Ningbo Haoyang Jixie Gongju Youxian Gongsi ("Defendant") as follows:

**NATURE OF ACTION**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

2. Plaintiff owns all right, title, and interest in U.S. Patent No. 12,594,453 B2, titled "Weight-Adjustable Dumbbell" (the "'453 Patent"). A true and correct copy of the '453 Patent is attached as **Exhibit A**.

3. Defendant has offered to sell, sold, or imported into the United States weight-adjustable dumbbells that infringe at least claim 1 of the '453 Patent.

4. Plaintiff seeks damages, injunctive relief, interest, costs, and all other relief authorized by law.

1

**PARTIES**

5. Plaintiff Duoming Zhong is an individual residing in Heyuan, China.

6. Plaintiff Duoming Zhong is identified on the face of the '453 Patent as the applicant and assignee of the '453 Patent. Plaintiff owns all right, title, and interest in and to the '453 Patent, including the right to sue for and recover damages for past, present, and future infringement of the '453 Patent.

7. Defendant Ningbo Haoyang Jixie Gongju Youxian Gongsi is a China-based seller, business entity, and/or commercial operator that offers for sale and sells products to consumers in the United States through online marketplace storefronts and product listings.

8. On its Amazon.com storefront, Defendant discloses its business address as 海曙区高桥镇岐湖村小岙水库下，宁波市，浙江 315000, CN—that is, Xia'ao Shuiku Xia, Qihu Village, Gaoqiao Town, Haishu District, Ningbo, Zhejiang 315000, China.

9. Defendant offers for sale and sells the accused weight-adjustable dumbbells through Amazon.com storefronts and product listings, including but not limited to the listing for the "EQUIPRO Adjustable Dumbbell Set, 4 in 1 Free Weights Dumbbells Set for Women, Weights for Women at Home, 2lb 3lb 4lb 5lb with TPU Soft Rubber Handle for Home Gym Exercise Training," sold under the seller name "equipro," and associated with ASINs B0DL3GCRZQ, B0DL3DT79P, B0DL3C7JB5, and B0DL3DT43L (the "Infringing Products"). Representative screenshots of Defendant's Amazon.com listings are attached as **Exhibit B**.

**JURISDICTION AND VENUE**

10. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq.

11. This Court has personal jurisdiction over Defendant because Defendant has purposefully directed commercial activities toward the United States and this District, including by offering for sale and selling the Infringing Products through interactive online marketplace listings accessible to consumers in this District.

12. Defendant's Amazon.com product listings permit consumers in the United States, including consumers in Illinois, to view the Infringing Products, select product variations, place orders, submit payment, and arrange shipment of the accused products to U.S. addresses.

13. On information and belief, Defendant has sold and shipped the Infringing Products to consumers in Illinois, including in this District.

14. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is not resident in the United States and may be sued in any judicial district, including in patent cases.

15. On information and belief, Defendant is an individual and/or business entity of unknown makeup that owns and/or operates the e-commerce stores at the Amazon Storefront. On information and belief, Defendant resides and/or operates in the People's Republic of China or another foreign jurisdiction with a lax intellectual property enforcement system, or redistributes products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

16. On information and belief, tactics used by Defendant to conceal its identity and the full scope of its operations make it virtually impossible for Plaintiff to learn Defendant's true identity and the exact interworking of its network. If Defendant provides additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint and any attempts to serve Defendant

3

based on the same.

## FACTUAL BACKGROUND

17. Plaintiff owns the '453 Patent, titled "Weight-Adjustable Dumbbell," which issued on April 7, 2026. *See* **Exhibit A**.

18. The '453 Patent relates to weight-adjustable dumbbells having a handle, main counterweight blocks, auxiliary counterweight blocks, and detachable connecting structures for adjusting dumbbell weight.

19. Plaintiff has not licensed or authorized Defendant to make, use, offer to sell, sell, or import products covered by the '453 Patent.

20. Defendant offers for sale and sells accused weight-adjustable dumbbells through Amazon.com product listings under the seller name "equipro."

21. The accused products include the "EQUIPRO Adjustable Dumbbell Set, 4 in 1 Free Weights Dumbbells Set for Women, Weights for Women at Home, 2lb 3lb 4lb 5lb with TPU Soft Rubber Handle for Home Gym Exercise Training," associated with ASINs B0DL3GCRZQ, B0DL3DT79P, B0DL3C7JB5, and B0DL3DT43L.

22. Defendant's Amazon.com listings include product images, pricing, ordering functionality, payment processing, and shipping options for U.S. consumers. *See* **Exhibit B**.

23. Based on Plaintiff's investigation, the accused products infringe at least claim 1 of the '453 Patent, as shown in the claim chart attached as **Exhibit C**.

24. Defendant is not an authorized dealer, distributor, licensee, agent, or approved seller of Plaintiff.

## COUNT I
### Infringement of U.S. Patent No. 12,594,453 B2

25.   Plaintiff repeats and realleges all preceding allegations as if fully set forth herein.

26.   Defendant has directly infringed and continues to directly infringe the '453 Patent under 35 U.S.C. § 271(a).

27.   Defendant, without Plaintiff's authorization, has directly infringed and continues to directly infringe the '453 Patent by making, using, offering to sell, selling, and/or importing into the United States accused weight-adjustable dumbbells, including the accused EQUIPRO adjustable dumbbell products identified above.

28.   As set forth in the claim chart attached as **Exhibit C**, the accused products include, among other things, a handle, main counterweight blocks, removable auxiliary counterweight blocks, detachable connecting structures, counterweight block shells, fixed cover plates, counterweight iron plates, and rotating buckle-and-slot structures corresponding to limitations of claim 1 of the '453 Patent.

29.   Defendant's infringing acts include offering for sale and selling the accused products through Amazon.com listings directed to U.S. consumers.

30.   Defendant's infringement has caused and will continue to cause Plaintiff damages in an amount to be proven at trial.

31.   Plaintiff is entitled to damages adequate to compensate for Defendant's infringement, in no event less than a reasonable royalty, under 35 U.S.C. § 284.

32.   On information and belief, Defendant's infringement activities are willful. Unless enjoined, Defendant and all others acting in active concert will continue to infringe the '453 Patent and cause Plaintiff irreparable harm.

33. Plaintiff is entitled to injunctive relief preventing Defendant, and all persons acting in active concert or participation with Defendant, from continuing to infringe the '453 Patent.

34. Plaintiff reserves the right to seek enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285 if discovery and the evidence establish that such relief is warranted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A. Enter judgment that Defendant has infringed the '453 Patent;

B. Enter preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with Defendant from infringing the '453 Patent;

C. Award Plaintiff damages adequate to compensate for Defendant's infringement, in no event less than a reasonable royalty, under 35 U.S.C. § 284;

D. Award Plaintiff pre-judgment and post-judgment interest;

E. Award Plaintiff the costs of this action;

F. Award enhanced damages under 35 U.S.C. § 284 and attorneys' fees under 35 U.S.C. § 285 if discovery and the evidence establish that such relief is warranted; and

G. Award Plaintiff such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted

Date: June 24, 2026

By: /s/ *Wei Wang*

Wei Wang
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
***Attorney for Plaintiff***